# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL MEEKS, | Case No. 1:22-cv-00761-AWI-CDB |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO APPEAR AT SCHEDULING CONFERENCE |
| v. | |
| FCA US LLC, and DOES 1 through 10, | |
| Defendants. | (ECF No. 11) |
| | **TWO DAY DEADLINE** |

On June 22, 2022, Plaintiff Carl Meeks filed this Song-Beverly Act action under California Civil Code § 1790 *et seq.* seeking damages for Defendants' alleged vehicle warranty violations. (ECF No. 1.) That same day, the Court entered a scheduling order setting a scheduling conference for September 22, 2022, and directing the parties to complete and file a consent/decline form of U.S. Magistrate Judge jurisdiction. (ECF No. 5)

On September 21, 2022, the Court continued the previously scheduled status conference to October 26, 2022, at 8:30am, because the parties had failed to comply with the Court's earlier order to file the above-referenced consent/decline forms. (ECF No. 21)  In its order, the Court directed the parties to file their respective consent/decline forms within seven days. To date, Plaintiff has failed to comply with this order and still has not filed his consent/decline form.

On October 14, 2022, the Court emailed a Zoom link for the upcoming scheduling

1

conference to all noticed counsel, including Ms. Ariel Harman-Holmes, counsel for Plaintiff, at her CM/ECF-noticed email address.  At the scheduling conference on October 26, 2022, counsel for Defendants was present at 8:30am, but no counsel for Plaintiff appeared.  At 8:42am, the Court commenced the scheduling conference and continued it due to Plaintiff's absence.  (ECF No. 15).

After the scheduling conference already had commenced, Ms. Harman-Holmes – using her same CM/ECF-noticed email address to which the Court previously transmitted Zoom connection details for the scheduling conference – emailed the Court to "apologize for the confusion" and explain she did not have connection details for the scheduling conference.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  <u>Bautista v. Los Angeles County</u>, 216 F.3d 837, 841 (9th Cir. 2000).

The Court is unclear whether Ms. Harman-Holmes forgot about or mis-calendared the scheduling conference or otherwise misplaced the Zoom connection information that the Court previously provided to her.  In all events, the scheduling conference had been calendared more than one month in advance, and if Ms. Harman-Holmes was unable to appear, she had a duty to contact the Court and/or Defendants prior to the conference to request whatever information necessary to facilitate Plaintiff's appearance. The Court has concerns about Plaintiff's repeated violations of Local Rules and the Court's orders, as set forth above.

/ / /

/ / /

/ / /

/ / /

/ / /

Based on the foregoing, IT IS HEREBY ORDERED that **within two (2) days of entry of this order**, Plaintiff shall show cause in writing why Plaintiff should not be sanctioned for failing to appear at the scheduling conference on October 26, 2022.

IT IS SO ORDERED.

Dated:   **October 26, 2022**                              _____
                                                                        UNITED STATES MAGISTRATE JUDGE

3