UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL MEEKS,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>FCA US, LLC,<br><br>　　　　　　　Defendant. | Case No. 1:22-cv-00761-ADA-CDB<br><br>**ORDER DENYING PLAINTIFFS' STIPULATED MOTION TO EXTEND CASE MANAGEMENT DATES**<br><br>(Doc. 36) |

**<u>Introduction</u>**

Plaintiff Carl Meeks initiated this action with the filing of a complaint on June 22, 2022, in which he brings claims against Defendant for alleged vehicle warranty violations pursuant to the Song-Beverly Consumer Warranty Act and/or Magnuson-Moss Warranty Act. (Doc. 1 p. 4).

Case management dates for this case were set forth in the Scheduling Order dated November 8, 2022 (Doc. 23), as modified by the Court's minute order of April 24, 2023 (Doc. 30), as follows:

　　a.　Non-Expert Discovery Cut-Off: April 3, 2023

　　b.　Expert Discovery Cut-Off: June 30, 2023

　　c.　Non-Dispositive Motion Deadline: July 10, 2023

　　d.　Dispositive Motion Deadline: August 14, 2023

1      e.   Private Mediation Deadline: August 14, 2023

2      f.   Pretrial Conference: December 11, 2023

3      g.   Trial: February 13, 2024

4     Pending before the Court is the parties' stipulated request to extend case management dates, filed July 19, 2023. (Doc. 36). The parties' proposed amendments to the Scheduling Order are as follows:

     a.   Non-Expert Discovery Cut-Off: September 11, 2023

     b.   Expert Discovery Cut-Off: September 25, 2023

     c.   Non-Dispositive Motion Deadline: October 9, 2023

     d.   Dispositive Motion Deadline: November 6, 2023

     e.   Private Mediation Deadline: October 16 2023

     f.   Pretrial Conference: February 12, 2024

     g.   Trial: April 9, 2024

The basis for the parties' request is as follows: (1) Defendant initially noticed Plaintiff's deposition for March 13, 2023, but due to Plaintiff's objections, the deposition did not proceed on that date (Doc. 36 p. 2); (2) The vehicle inspection set for April 3, 2023, likewise did not proceed as scheduled due to the parties' disagreements about that date (*id*. at 3); (3) The Rule 30(b)(6) deposition of Defendant set for February 6, 2023, likewise did not proceed as scheduled in part due to the parties' disagreement about that date and Defendant's apparent difficulties in designating an individual to attend the deposition on its behalf (*id*); (4) The parties remain hopeful that there is a possibility of settlement in this case, which would be facilitated by their proposed amendments to the Scheduling Order.

Of particular relevance, the parties' filed their pending request for discovery, pretrial motion and trial extensions approximately three months after the close of non-expert discovery and one month after the close of expert discovery. Thus, by their belated filing, the parties' proposed amendments seek to resurrect these long-passed deadlines and extend the period for taking now-closed discovery for an additional five months (assuming the parties have continued to engage in informal discovery during the months that discovery has closed). Furthermore, the

2

parties request additional continuances of looming dates for dispositive motions and trial. Against this backdrop, the parties represent that the reasons set forth above constitute good cause to grant their requested continuance of the trial date and related dates. *Id*. at 4.

### **Standard of Law**

On November 8, 2022, the Court issued the scheduling order in this case. (Doc. 23). The Scheduling Order notified the parties,

> The dates set in this Order are considered to be firm and will not be modified absent a *showing of good cause even if the request to modify is made by stipulation*. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

*Id*. at 8. (emphasis added).

District courts enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Once entered, a scheduling order "controls the course of the action unless the court modifies it." Fed. R Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Id*. (quotation and citation omitted). Under Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). As the Court of Appeals has observed:

> In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders. . .

*Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. If the moving party is unable to reasonably meet a deadline despite acting diligently, the scheduling order may be modified. *Id*. If, however, the moving party "'was not

diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic. v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609).

Separately, the Court may deny a motion for leave to amend if permitting an amendment would, among other things, cause an undue delay in the litigation or prejudice the opposing party. Courts have found amendments to be prejudicial to the nonmoving party when leave to amend is sought as a discovery deadline nears or already passed. *See*, *e.g., Zivkovic*, 302 F.3d at 1087; *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999).

**Discussion**

As set forth above, good cause primarily considers the diligence of the party seeking the amendment. *Johnson*, 975 F.3d at 609. The record here reveals that the parties had ample opportunity to resolve the issues identified in their stipulated request for extensions, or at least, bring the issues to the Court's attention for resolution. Instead, the parties let those issues languish until long after fact and expert discovery has closed.

For instance, on February 27, 2022, Plaintiff filed a status report prior to the mid-discovery status conference in which he represented that he was meeting and conferring about setting a date for Defendant's Rule 30(b)(6) deposition. (Doc. 24).[1] On February 28, 2022, Defendant filed its own status report in which it represented that "[d]iscovery is underway" and that Defendant was serving discovery, as well as a deposition notice and notice for vehicle inspection, by February 28, 2023. *Id*.

The parties convened for a mid-discovery status conference on March 6, 2023. (Doc. 27). The parties represented that they did not anticipate any impediments to the timely completion of discovery. *Id*. The parties did not identify any issues related to Defendant's Rule 30(b)(6)

---

[1] The parties were directed to file a joint status report ahead of the mid-discovery status conference but nevertheless filed separate reports. The record is replete with examples of similar inattentiveness or lack of coordination from counsel. For instance, counsel for Plaintiff failed to appear for the scheduling conference, necessitating the issuance of a show cause order. (Docs. 15, 16, 19, 20). Most recently, the parties were ordered by the assigned district judge to file a joint report on or before May 28, 2023 – yet, the parties filed the required report almost two months late, on July 19, 2023, "as soon as the Parties realized the mistake." (Docs. 32, 35). These lapses cause the Court to cast the parties' pending request for extensions as part of a pattern of insufficient diligence.

deposition, which had not proceeded as noticed on February 6, 2023. Furthermore, during the mid-discovery status conference, the parties did not notify the Court about their disagreement over Plaintiff's then-impending March 13, 2023 deposition.  Likewise, the parties remained silent when the vehicle inspection set for April 3, 2023, did not proceed due to Plaintiff's objections.

The parties were advised in the Scheduling Order to timely present discovery disputes to the Court in the event they cannot resolve them informally.  Instead, in this case, while the parties identified certain discovery challenges with sufficient time to resolve them either with or without Court assistance before expiration of discovery deadline, they failed to resolve them or notify the Court.

Neither the record, the parties' pending stipulation nor supporting declaration demonstrate diligence sufficient to warrant a belated extension of case management dates.  Where, as here, there is no showing of due diligence, the inquiry should end.  *See Zivkovic*, 302 F.3d at 1087 ("Zivkovic did not demonstrate diligence in complying with the dates set by the district court, and has not demonstrated 'good cause' for modifying the scheduling order, as required by Fed.R.Civ.P. 16(b).").

For the foregoing reasons, the request to amend the scheduling order (Doc. 36) is **DENIED**.

IT IS SO ORDERED.

Dated:   **July 20, 2023**                                    _____
UNITED STATES MAGISTRATE JUDGE